UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, Plaintiff, v. E. HARPER, *et al.*, Defendants. | Case No. 2:26-cv-3353-JDP (P) ORDER |

Plaintiff, a state prisoner, alleges that defendants Harper and James violated Eighth Amendment rights by failing to protect him from an assault by another inmate, and violated his due process rights by attempting to cover up their failure to protect. After review of the complaint, I find that plaintiff's Eighth Amendment claims are suitable to proceed past screening. His due process claim, by contrast, is non-cognizable. Plaintiff may elect to proceed only with his Eighth Amendment claims, or delay serving any defendant and file an amended complaint. Additionally, I will grant plaintiff's second application to proceed *in forma pauperis*, ECF No. 4, and deny his earlier application, ECF No. 2, as moot.

Screening Order

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

Plaintiff alleges that, on June 26, 2026, defendant Harper rejected his safety concerns about an inmate he was housed with, telling him, "here at Mule Creek we don't help homosexuals." ECF No. 1 at 3. Several days later, on July 1, 2026, plaintiff claims that he was attacked in his cell. *Id.* With respect to defendant James, plaintiff claims that another inmate in the cell warned him of the attack on July 1, but James ignored the warning. *Id.* at 4. These allegations are sufficient to state Eighth Amendment failure to protect claims against these defendants.

By contrast, plaintiff's due process claim is non-cognizable. Therein, he claims that he filed a grievance concerning the failure to protect and, in response, Harper forged a document to cover up his failings. *Id.* at 5. There is neither a constitutional right to any specific grievance procedure, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), nor any right to have defendants disciplined by their superiors. Plaintiff does not allege that this "cover-up" injured him in any other way.

Plaintiff may either proceed only with the claims deemed cognizable in this order, or delay serving any defendant and file another amended complaint. If he elects to file an amended complaint, he is advised that it must be complete in itself, filed on the form included with this order, and be titled "Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment failure to protect claims against the defendants or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant. If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for the aforementioned defendants.

2. The Clerk of Court shall send plaintiff a complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED, and his earlier application, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE